### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT GREGORY RUNDQUIST TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>CLERK OF THE DISTRICT COURT,<br>WYANDOTTE COUNTY, KANSAS,<br><br>    Defendant. | Case No. 25-2193-DDC-ADM |

### REPORT AND RECOMMENDATION
### AND ORDER

Scott Gregory Rundquist ("Mr. Rundquist") filed a complaint purportedly on behalf of plaintiff Scott Gregory Rundquist Trust ("Plaintiff"). (ECF 1.) Plaintiff seeks to proceed pro se under the *in forma pauperis* statute, 28 U.S.C. § 1915, without prepayment of the filing fee. (ECF 4.) Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Mr. Rundquist has provided an affidavit of financial status on behalf of Plaintiff. (ECF 4-1.)

Only natural persons qualify for *in forma pauperis* treatment under 28 U.S.C. § 1915. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993). Therefore, artificial entities such as the Scott Gregory Rundquist Trust may not proceed under that statute. *Id.* at 201-203. Similarly, artificial entities may appear in federal court only through licensed counsel. *Id.*; *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) (holding non-lawyer trustee could not represent trust). Accordingly, Mr. Rundquist may not represent the Scott Gregory Rundquist Trust in this case because the record does not reflect that he is a licensed attorney.

For these reasons, the court recommends that the district judge deny the motion to proceed *in forma pauperis* and order Plaintiff to pay the $405 statutory filing fee within thirty days from the date of the district judge's order.  Further, because Plaintiff must be represented by licensed counsel, the court orders Plaintiff Scott Gregory Rundquist Trust to obtain licensed counsel, who must enter an appearance within thirty days from the date of the district judge's order.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), the court informs Plaintiff that it may file specific written objections to this report and recommendation within fourteen days after being served with a copy.  If Plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Proceed In Forma Pauperis (ECF 4) be denied.

**IT IS FURTHER ORDERDED** that Plaintiff Scott Gregory Rundquist Trust must obtain licensed counsel, who must enter an appearance within thirty days from the date of the district judge's order on the Report and Recommendation.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation and Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

Dated April 15, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge