IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **SCOTT GREGORY RUNDQUIST TRUST,** | |
| **Plaintiff**, | Case No. 25-2193-DDC-ADM |
| v. | |
| **CLERK OF THE DISTRICT COURT, WYANDOTTE COUNTY, KANSAS**, | |
| **Defendant**. | |

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

This case comes before the court on United States Magistrate Judge Angel D. Mitchell's Report and Recommendation and Order (Doc. 10). Magistrate Judge Mitchell recommends that the court deny plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4) because plaintiff is a trust—not an individual or natural person. Doc. 10 at 1. And an artificial entity—like a trust—doesn't qualify for in forma pauperis (IFP) status. *Id.* Also, an attorney admitted to practice before our court must represent an artificial entity such as a trust. *Id.* So, Magistrate Judge Mitchell orders plaintiff to secure licensed counsel within 30 days of this Order. *Id.* at 2.

Plaintiff objects. Doc. 11. But plaintiff's Objection doesn't argue about plaintiff—the Scott Gregory Rundquist Trust. *See id.* Instead, it argues about Mr. Scott Gregory Rundquist. In the Objection, Mr. Rundquist asserts that he "appears solely in sacred fiduciary capacity to protect and defend sacred trust res[.]" *Id.* at 1. That is, Mr. Rundquist identifies himself as a trustee bringing an action to protect the Trust's interests. *Id.* But Mr. Rundquist's objection simply confirms that the trust is the intended plaintiff here. Because of this posture, two

obstacles block the court's path forward in this case, both astutely identified by Magistrate Judge Mitchell in her Report and Recommendation. Doc. 10 at 1–2.

*First*, as noted earlier, a trust can't qualify for IFP status. *Id.* at 1. And so, the court can't proceed unless plaintiff pays the $405 filing fee. *Second*, and more importantly, a trustee—like Mr. Rundquist—can't represent the interests of a trust unless that trustee is an attorney. *Id.* So, the court can't address plaintiff's pending Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 8)—or proceed in any other way—until the Trust secures legal counsel.

The court explains why Magistrate Judge Mitchell's two conclusions are sound, below. But first, the court recites the standard under which it reviews a magistrate judge's report and recommendation.

I.     **Standard of Review**

The district court applies different legal standards to evaluate magistrate judge rulings on dispositive versus non-dispositive matters. *See* Fed. R. Civ. P. 72. "A matter is dispositive if the ruling effectively removes a defense or claim from the case." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-CV-02549-CMA-NYW, 2019 WL 7168657, at *2 (D. Colo. Dec. 23, 2019) (citing *In re Motor Fuel Temperature Sales Pracs. Litig.*, 261 F.R.D. 577, 579 (D. Kan. 2009)). Denying an IFP motion is a dispositive matter. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310–12 (10th Cir. 2005) (explaining that denying a "truly indigent claimant" leave to proceed without paying fees bars the claimant from proceeding at all in district court and thus presents "a dispositive matter"). So, the court applies the dispositive matters standard, below.

When a party files objections to a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation." *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995)). The district court then "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Here, the court accepts Magistrate Judge Mitchell's recommendations, in whole. The court explains its reasoning, next.

## II.     In Forma Pauperis Motion (Doc. 4)

According to 28 U.S.C. § 1915(a)(1), any court of the United States may authorize commencement of any suit without prepayment when a person submits an affidavit and shows an inability to pay. Courts refer to this situation as a litigant proceeding "in forma pauperis." *Smith v. Torrez*, 428 F. Supp. 3d 629, 632 (D.N.M. 2019). This IFP status "was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 344 (1948). But, as Magistrate Judge Mitchell noted, Doc. 10 at 1, the Supreme Court has limited § 1915(a) IFP status strictly to natural persons. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201, 203 (1993) (explaining that the word "'person' in § 1915(a) refers only to individuals" and that when Congress provided for "litigants proceeding *in forma pauperis*[,]" it "was thinking in terms of 'persons' who could petition courts themselves and appear *pro se,* that is, of natural persons only"). So, unless plaintiff is a natural person, the court can't grant the IFP motion.

Here, Mr. Rundquist expressly disclaims that he proceeds in any "private or personal" capacity—that is, as a natural person or individual. Doc. 11-1 at 1. Instead, Mr. Rundquist

3

purports to appear "solely in his sacred fiduciary capacity as Trustee for the Scott Gregory Rundquist Trust." *Id.* (quotation cleaned up). And he asserts that he "represents sacred trust property[.]" *Id.* Despite these assertions, Mr. Rundquist keeps calling himself the plaintiff. *See generally id.* But that's not how it works. Mr. Rundquist didn't come to the court to protect his own interests. He's here to protect the Trust's interests. He says so himself. Doc. 11 at 1 ("[He] appears solely in sacred fiduciary capacity to protect and defend sacred trust res[.]"). Because it's the Trust's interests at stake, the Trust—not Mr. Rundquist—is the plaintiff. Designating the Trust as plaintiff comes with an important consequence for plaintiff's IFP motion.

Under *California Men's Colony*, IFP status doesn't apply when plaintiff is a Trust—an artificial entity—and not a person. 506 U.S. at 201–02. Mr. Rundquist doesn't view the trust as an artificial entity. He contends that he "does not represent a corporate entity, an artificial person, a limited liability company, nor any public body politic." Doc. 11-1 at 1. He apparently asks the court to put the Trust in a different bucket than these other artificial entities. But the Tenth Circuit places trusts squarely in the artificial entity category. *See United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) ("Trusts are artificial entities that exist independently of their trustee or trustees." (citing *Conagra Foods v. Americold Logistics*, 776 F.3d 1175, 1176 (10th Cir. 2015), *aff'd sub nom. Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378 (2016))). Plaintiff, as a Trust, is an artificial entity—not an individual or natural person. And the court can't grant IFP status to an artificial entity. *See Cal. Men's Colony*, 506 U.S. at 201–03.

The court thus affirms and adopts Magistrate Judge Mitchell's recommendation that it deny plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4). The court won't rule the pending Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8)—or any future

4

motions plaintiff may file—until plaintiff has paid the $405 statutory filing fee. But even if plaintiff pays the filing fee, there's another obstacle plaintiff must remove before the court can act. Plaintiff's legal counsel must enter an appearance.

### III.     A Trust Must Have an Attorney

Artificial entities—like trusts—must have an attorney to appear in court on their behalf. *See In re Wilson*, 860 F. App'x 147, 150 (10th Cir. 2021) ("[A]rtificial entities may appear in court only through licensed counsel. . . . Trusts are artificial entities that exist independently of their trustees." (citations omitted)); *Lain*, 773 F. App'x at 477 ("Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel."). The Trust here is a separate entity from Mr. Rundquist. *See Lain*, 773 F. App'x at 477. And, as Magistrate Judge Mitchell noted, nothing in the record indicates that Mr. Rundquist is an attorney. Doc. 10 at 1. Unless Mr. Rundquist demonstrates to the court that he is an attorney, he can't represent the interests of the Scott Gregory Rundquist Trust in court. That's true even though he holds fiduciary duties as its trustee. *See Lain*, 773 F. App'x at 477 ("[I]f the trustee is not a licensed attorney, he or she cannot represent the trust."); *id.* at 478 ("[F]iduciary duties do not entitle a trustee to practice law.").

The court thus reiterates Magistrate Judge Mitchell's order that plaintiff must secure legal counsel. Doc. 10 at 2; *see also Lain*, 773 F. App'x at 478 ("If [trustee] believes that he must represent the trust in court, he must engage a licensed attorney to undertake the representation."). And counsel must enter an appearance within 30 days of this Order. Doc. 10 at 2. If no counsel has entered an appearance for plaintiff within 30 days of this Order's date, the court will dismiss this case without prejudice. *See Hartnett v. Farm Serv. Agency, U.S. Dep't of Agric.*, No. 18-CV-01045-EFM-GEB, 2018 WL 2971692, at *3–4 (D. Kan. June 12, 2018) (dismissing case brought by trust's fiduciary trustee because trustee—as non-attorney—couldn't represent trust);

*Mitchelle Art 89 Tr. v. Astor Alt, LLC*, No. 15-cv-00463-WSD, 2015 WL 4394887, at *2 (N.D. Ga. July 15, 2015) (dismissing action after plaintiff—a trust—failed to follow court order to appear by counsel); *Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015) (affirming district court's dismissal after plaintiff ignored orders that his wife's estate and class-action claims required legal counsel and separate filing).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Magistrate Judge Mitchell's Report and Recommendation and Order (Doc. 10) is ACCEPTED, ADOPTED, and AFFIRMED.

**IT IS FURTHER ORDERED THAT** plaintiff Scott Gregory Rundquist Trust's Motion to Proceed In Forma Pauperis (Doc. 4) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Scott Gregory Rundquist Trust must secure legal counsel, who must enter an appearance within thirty days of this Order, or the court will dismiss the case.

**IT IS SO ORDERED.**

**Dated this 7th day of May, 2025, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**